United States Court of Appeals

 FOR THE DISTRICT OF COLUMBIA CIRCUIT

 Argued September 6, 2001 Decided October 5, 2001 

 No. 00-3064

 United States of America, 
 Appellee

 v.

 Gerald W. Weaver II, 
 Appellant

 Appeal from the United States District Court 
 for the District of Columbia 
 (No. 92cr00453-01)

 Gerald W. Weaver II argued the cause pro se.

 Christopher S. Rhee, Assistant United States Attorney, 
argued the cause for the appellee. Kenneth L. Wainstein, 
United States Attorney, and John R. Fisher and Thomas J. 
Tourish, Jr., Assistant United States Attorneys, were on 
brief.

 Before: Henderson, Randolph and Rogers, Circuit Judges.

 Opinion for the court filed by Circuit Judge Henderson.

 Karen LeCraft Henderson, Circuit Judge: Gerald W. 
Weaver filed a petition pursuant to 28 U.S.C. s 2255 seeking 
to have his guilty plea set aside on the ground that his former 
lawyer, R. Kenneth Mundy, had had a conflict of interest. 
The district court concluded that, while Mundy's simultaneous 
representation of Weaver and of then U.S. Rep. Daniel D. 
Rostenkowski, against whom Weaver was a potential witness, 
created a conflict, Weaver had not shown the necessary 
prejudice to establish an ineffective assistance of counsel 
claim. See United States v. Weaver, 112 F. Supp. 2d 1 
(D.D.C. 2000). We conclude that Weaver established both 
the existence of a conflict and prejudice flowing therefrom. 
We nonetheless affirm the district court's denial of Weaver's 
petition because the prejudice was limited to the period 
during which the conflict existed and therefore did not affect 
Weaver's guilty plea which was entered more than a year 
before the conflict arose.

 I.

 Weaver was an aide to U.S. Rep. Joseph P. Kolter from 
1983-87. In 1992 Weaver was indicted on 22 counts, all but 
one arising from his involvement in the House of Representa-
tives Post Office scandal. On March 31, 1993 Weaver pleaded 
guilty, pursuant to a negotiated plea agreement, to one count 
each of obstruction of justice, conspiracy to distribute cocaine 
and distribution of cocaine. The agreement provided that 
Weaver would cooperate in the ongoing Post Office investiga-
tion and that

 [i]f the United States Attorney determines [Weaver] has 
 provided substantial assistance in the investigation or 
 prosecution of other persons, the United States Attorney 
 may, in his discretion, file motions under title 18, United 
 States Code, Section 3553(e), and Rule 35(b), Federal 
 Rules of Criminal Procedure advising the District Court 
 of the assistance to law enforcement authorities.
 
112 F. Supp. 2d at 2.1 Around the same time, Weaver 
provided information to the government implicating Kolter, 
Rostenkowski and Robert V. Rota, the House Postmaster.

 After Rota pleaded guilty on July 19, 1993, Mundy wrote 
the government asking if it had made a decision whether to 
file a substantial assistance motion on Weaver's behalf and 
requesting that, if not, the government consent to postpone 
Weaver's surrender date. In a letter dated August 5, 1993 
the government responded that Weaver's information did not 
assist in obtaining Rota's plea and that he had not otherwise 
substantially assisted in a prosecution but that the govern-
ment would further evaluate the matter down the road.
__________
 1 Section 3553(e) provides:

 (e) Limited authority to impose a sentence below a statutory 
 minimum.--Upon motion of the Government, the court shall 
 have the authority to impose a sentence below a level estab-
 lished by statute as minimum sentence so as to reflect a 
 defendant's substantial assistance in the investigation or prose-
 cution of another person who has committed an offense. Such 
 sentence shall be imposed in accordance with the guidelines 
 and policy statements issued by the Sentencing Commission 
 pursuant to section 994 of title 28, United States Code.
 
18 U.S.C. s 3553(e). Rule 35(b) provides:

 (b) Reduction of Sentence for Substantial Assistance. If the 
 Government so moves within one year after the sentence is 
 imposed, the court may reduce a sentence to reflect a defen-
 dant's subsequent substantial assistance in investigating or 
 prosecuting another person, in accordance with the guidelines 
 and policy statements issued by the Sentencing Commission 
 under 28 U.S.C. s 994. The court may consider a government 
 motion to reduce a sentence made one year or more after the 
 sentence is imposed if the defendant's substantial assistance 
 involves information or evidence not known by the defendant 
 until one year or more after sentence is imposed. In evaluat-
 ing whether substantial assistance has been rendered, the court 
 may consider the defendant's pre-sentence assistance. In ap-
 plying this subdivision, the court may reduce the sentence to a 
 level below that established by statute as a minimum sentence.
 
Fed. R. Crim. P. 35(b).

 Rostenkowski was indicted on May 31, 1994 and on July 5, 
1994 Mundy entered an appearance on his behalf. The 
government contacted both Mundy and the district court 
urging Mundy's disqualification from the Rostenkowski case 
because his dual representation of Rostenkowski and of 
Weaver, a potential witness against Rostenkowski, created a 
conflict of interest. When Mundy refused to withdraw, the 
government filed a formal motion on October 16, 1994 to 
disqualify him. While the motion was pending, Weaver ob-
tained new counsel who entered an appearance on November 
29, 1994 and requested that the government file a substantial 
assistance motion. The government did so and on December 
21, 1994 the district court reduced Weaver's sentence to time 
served but rejected Weaver's request to eliminate supervised 
release. Mundy died on April 14, 1995 and in an order filed 
May 30, 1995 the district court dismissed as moot the govern-
ment's motion to disqualify him.

 On February 24, 1997 Weaver filed a section 2255 petition 
to set aside his conviction based, inter alia, on Mundy's 
conflict of interest. On August 11, 1997, with the govern-
ment's consent, the district court stayed the remaining four 
months of Weaver's supervised release. The district court 
denied Weaver's petition in a memorandum opinion filed June 
7, 2000.

 II.

 Weaver contends his guilty plea should be set aside be-
cause it was "tainted" by the conflict of interest created by 
Mundy's simultaneous representation of both Weaver and 
Rostenkowski.2 We agree with Weaver, as does the govern-
ment, that a conflict adversely affected Mundy's representa-

__________
 2 Weaver also seeks to void his plea on the ground that the initial 
district judge, who recused herself, without explanation, on April 23, 
1997, was in fact disqualified much earlier in the case. He has 
offered no substantiation for his claim and has therefore failed to 
"ma[k]e a substantial showing of the denial of a constitutional right" 
as required under 28 U.S.C. s 2253(c)(2). Accordingly, we deny his 
motion for a certificate of appealability of this issue.

tion. We nevertheless conclude, as the government main-
tains, that the conflict does not justify vacating his conviction.

 In Cuyler v. Sullivan, 446 U.S. 335 (1980), the United 
States Supreme Court established that to make out a conflict 
of interest claim a petitioner "must demonstrate that an 
actual conflict of interest adversely affected his lawyer's 
performance." 446 U.S. at 349. "A defendant who proves an 
actual conflict of interest thus avoids the more stringent 
requirement of proving that the lawyer's 'deficient perfor-
mance prejudiced the defense,' Strickland v. Washington, 466 
U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), for 
such prejudice is presumed, United States v. Farley, 72 F.3d 
158, 166 (D.C. Cir. 1995)." United States v. Thomas, 114 
F.3d 228, 252 (D.C. Cir.), cert. denied, 522 U.S. 1033 (1997). 
The defendant need only show "that a conflict of interest 
actually affected the adequacy of his representation." Cuyl-
er, 446 U.S. at 350. Weaver made such a showing below.

 It is agreed that Mundy represented clients with conflicting 
interests3: Weaver's interest lay in assisting the prosecution 
of Rostenkowski, in the hope that the government would file a 
substantial assistance motion, while Rostenkowski's interest 
lay in thwarting his own prosecution and any part Weaver 
might play in it. That the conflict adversely affected Mundy's 
representation of Weaver is evident from Mundy's failure to 
request a substantial assistance motion after Rostenkowski 
was indicted and Mundy undertook to represent him. Under 
these circumstances Mundy could not serve two masters and, 
as long as he tried to do so, Weaver was deprived of effective 

__________
 3 The district court noted in its order that "there is some evidence 
in the record to suggest that Mundy may have effectively terminat-
ed his relationship with Weaver prior to the entry of his appearance 
in the Rostenkowski action." 112 F. Supp. 2d at 5 n.12. The 
district court then stated: "[I]t is worth noting that there may 
indeed be no conflict of interest in Weaver's case since Mundy may 
have terminated his relationship with Weaver before he entered his 
appearance for Rostenkowski." Id. On appeal, the government 
has conceded that there was a conflict.

counsel.4 This deprivation does not, however, justify setting 
aside his plea or conviction.

 To have a plea set aside on a section 2255 petition, the 
petitioner "must show that the plea proceeding was tainted by 
'a fundamental defect which inherently results in a complete 
miscarriage of justice' or 'an omission inconsistent with the 
rudimentary demands of fair procedure.' " Farley, 72 F.3d at 
162 (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). 
Weaver has not demonstrated that Mundy's post-sentencing 
conflict in any way tainted his guilty plea. Mundy undertook 
to represent Weaver only after Weaver had already pleaded 
guilty and, to all appearances, he represented Weaver ably at 
sentencing.5 It was not until a year after the sentencing (and 
some 14 months after the guilty plea) that Mundy undertook 
to represent Rostenkowski, giving rise to the conflict of 
interest. The conflict is presumed to have prejudiced the 
defendant in that Mundy failed while the conflict lasted, from 
approximately July 5, 1995 to November 29, 1995, to request 
a substantial assistance motion for Weaver.6 The remedy for 
such prejudice, however, is not to set aside the plea, as 
Weaver asks, but to adjust the sentence as if Mundy had 
made a timely request. See United States v. Unger, 700 F.2d 
445, 451-54 (8th Cir.) (remanding for resentencing on account 
of conflict that adversely affected representation during sen-
tencing but holding "plea should stand" because "there was 
no conflict of interest that adversely affected [the defendant's] 

__________
 4 The government suggests that Weaver possessed no Sixth 
Amendment right to effective counsel post-sentencing. Because the 
government failed to so argue below, we need not decide the issue 
here.

 5 Mundy persuaded the district court to reduce Weaver's base 
offense level by two points for acceptance of responsibility under 
U.S.S.G. s 3E1.1, notwithstanding Weaver's plea to obstruction of 
justice and contrary to the presentencing report's recommendation.

 6 In finding that Weaver was not "adversely affected" by the 
conflict, the district court incorrectly applied the Strickland re-
quirement that prejudice be established rather than the Cuyler 
presumption of prejudice.

representation when she pleaded guilty"), cert. denied, 464 
U.S. 934 (1983); see also Lopez v. Scully, 58 F.3d 38, 43 (2d 
Cir. 1995) (sending case back to state court "solely for 
resentencing" because of actual conflict of interest during 
sentencing); United States v. Swartz, 975 F.2d 1042, 1050 
(4th Cir. 1992) (sentence vacated and case "remanded for 
resentencing" on account of conflict during sentencing). But 
Weaver insisted at oral argument that he does not wish the 
court to remand for resentencing but seeks only to have the 
conviction set aside. Accordingly, because the conflict did not 
prejudice Weaver's plea, there is no basis for setting aside the 
judgment of conviction and the denial of the section 2255 
petition is

 Affirmed.